United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Patrick David Carpenter
Ann Marie Carpenter
    Debtors

Case No. 13-13374-ref
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: admin     Page 1 of 2     Date Rcvd: Aug 31, 2018
                    Form ID: 3180W     Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 02, 2018.
```
db/jdb         +Patrick David Carpenter,   Ann Marie Carpenter,    70 Cornerstone Dr.,    Blandon, PA 19510-9693
smg            +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                 Allentown, PA 18101-1603
smg             City Treasurer,    Eighth and Washington Streets,    Reading, PA   19601
smg            +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg            +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg            +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13023902       +Christine Mundell,    120 Sunset Dr.,    Birdsboro, PA 19508-8778
13063318        FIA CARD SERVICES, N.A.,    4161 Piedmont Parkway,    NC4 105 03 14,    Greensboro, NC 27410
14040961       +George M. Lutz, Esquire,    Hartman, Valeriano, Magovern & Lutz, P.C,    1100 Berkshire Blvd,
                 Suite 301,    Wyomissing, PA 19610-1292
13191455       +George M. Lutz, Esquire,    Case, DiGiamberardino & Lutz, P.C.,    845 North Park Road, Suite 101,
                 Wyomissing, PA 19610-1342
13141151       +JPMorgan Chase Bank, National Association,    Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
13310652        eCAST Settlement Corporation,    PO Box 28136,    New York, NY 10087-8136
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 01 2018 01:49:46
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Sep 01 2018 01:50:09      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13115077        EDI: PRA.COM Sep 01 2018 05:38:00       Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13064800        E-mail/Text: bankruptcynotices@psecu.com Sep 01 2018 01:50:49      PSECU,    PO Box 67013,
                 Harrisburg, PA  17106-7013
13049847        EDI: WFFC.COM Sep 01 2018 05:38:00       Wells Fargo Bank NA,    PO Box 10438,
                 Des Moines IA   50306-0438
                                                                                              TOTAL: 5
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13162424     ##+Susquehanna Bank,    f/k/a Susquehanna Bank PA,    PO Box 639,    Maugansville, MD 21767-0639
                                                                                   TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2018                                         Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 30, 2018 at the address(es) listed below:
```
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
              GEORGE M. LUTZ    on behalf of Debtor Patrick David Carpenter glutz@hvmllaw.com,
               amerkey@hvmllaw.com;r49419@notify.bestcase.com
              GEORGE M. LUTZ    on behalf of Joint Debtor Ann Marie Carpenter glutz@hvmllaw.com,
               amerkey@hvmllaw.com;r49419@notify.bestcase.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
```

```
District/off: 0313-4          User: admin              Page 2 of 2                  Date Rcvd: Aug 31, 2018
                              Form ID: 3180W           Total Noticed: 17


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              REBECCA ANN SOLARZ    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               tpuleo@kmllawgroup.com,    bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM  MILLER*R    ecfemail@FredReigleCh13.com,    ECF_FRPA@Trustee13.com
                                                                                             TOTAL: 9
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Patrick David Carpenter** | Social Security number or ITIN  **xxx–xx–0804** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Ann Marie Carpenter** | Social Security number or ITIN  **xxx–xx–2714** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **13–13374–ref** | | |

# Order of Discharge                                                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Patrick David Carpenter                                          Ann Marie Carpenter

<u>8/30/18</u>                                                                        **By the court:**     <u>Richard E. Fehling</u>
                                                                                                        United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                                              **Chapter 13 Discharge**                                              page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**